**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ULISES MARQUEZ BORROTO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-02155-DB** |
| | § | |
| **MARKWAYNE MULLIN**, *et al.*, | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered the above-captioned case. On August 18, 2026, Petitioner Ulises Marquez Borroto filed a "Petition for a Writ of Habeas Corpus Under § 2241," ECF No. 1. Petitioner is currently detained at El Paso Service Processing Center in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 7. Petitioner has a final order of removal to Cuba from 1998. ECF No. 7 at 2. Petitioner was released on an order of supervision at some point and was re-detained, most recently, on May 14, 2026. ECF No. 1-1 at 11. Construed liberally, Petitioner alleges his detention violates his substantive due process rights because he has spent over six months in custody total and removal to Cuba is not likely given the Cuban government will not accept him for repatriation. ECF No. 1 at 6. He also asserts his detention violates his procedural due process rights because he was not provided with a notice of revocation, nor an informal interview upon re-detention. *Id.* at 7. On August 19, 2026, Cuba denied Petitioner's repatriation. ECF No. 7-2 at 3. As to third country removal, Respondents assert it has not been effective because Petitioner has refused to sign, and there are no travel documents on file for Petitioner as of July 18, 2026. *Id.* at 3.

Before ruling on the merits of the Petition, the Court requires further information from Respondents on whether removal to a third country is significantly likely in the reasonably foreseeable future. In lieu of a hearing, the Court will order supplemental briefing on the matter.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FILE** a supplemental advisory, **no later than September 9, 2026,** directly answering the following:

1) Was Petitioner provided a notice of revocation and an informal interview upon re-detention on May 14, 2026? If so, provide a copy of said notice.
2) Is Petitioner's signature required on all removal-related documents before Respondents can effectuate his removal or can he be removed without signing?
3) What is the status of Petitioner's travel document request?
4) What is the anticipated timeline for the travel document request to be completed?
5) What third countries, if any, have been designated for Petitioner's removal?
6) If so, what steps have Respondents taken to effectuate Petitioner's removal to a third country other than Mexico?
7) If Petitioner has been designated for removal to Mexico under the CVNH program, is Petitioner's consent required to effectuate removal?

8) Has Petitioner previously spent any time in immigration custody after his order of removal became final in 1998?[1]

**SIGNED** this **2nd** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

[1] Not including his current detention which began on May 14, 2026.