**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ULISES MARQUEZ BORROTO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-02155-DB** |
| | § | |
| **WARDEN OF EL PASO SERVICE** | § | |
| **PROCESSING CENTER**, *et al.*, | § | |
| **Respondents.** | § | |

**ORDER OF IMMEDIATE RELEASE**

On this day, the Court considered the above-captioned case. On August 18, 2026, Petitioner Ulises Marquez Borroto ("Petitioner") filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 7. Petitioner has a final order of removal to Cuba from 2000 and spent 114 days in custody at that time pending removal. *Id.* at 6. Petitioner was released on an order of supervision at some point and contends he spent 18 years on supervision without failure. *Id.* Petitioner was re-detained on May 14, 2026. ECF No. 1-1 at 11. Construed liberally, Petitioner alleges his detention is unlawful because he has spent over six months in custody and his removal is not significantly likely in the reasonably foreseeable future. ECF No. 1 at 7.

Respondents filed a response, ECF No. 7, on September 1, 2026, and a supplemental advisory, ECF No. 12, on September 9, 2026. Therein, Respondents advise that, on August 19, 2026, Cuba denied Petitioner's repatriation. ECF Nos. 7-2 at 3; 12-1 at 2. As a result, Petitioner was nominated for removal to Mexico via the Cuban, Venezuelan, Nicaraguan, Haiti ("CVNH") removal process. ECF No. 12-1 at 3. However, because Petitioner refused to sign the third country

removal form, ICE could not effectuate his removal to Mexico. *Id.* Respondents provide no evidence that Petitioner is designated for removal to any other third country other than Mexico, ECF No. 12-1 at 2, ¶ 9, and, as of July 18, 2026, there are no travel documents on file for Petitioner. ECF Nos. 7-2 at 4. Notably, Respondents identify no efforts to remove Petitioner.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations because removal is not likely. *See Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216 (W.D. Tex. Apr. 6, 2026) (ordering immediate release for Cuban national who refused consent to be removed to Mexico). As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). In the Respondent's supplemental advisory, Respondents concede Petitioner cannot be removed to Cuba because Cuba denied his repatriation. ECF No. 12-1 at 2, ¶ 8. Further, based on Respondents' own assertions, removal to Mexico is not significantly likely. *See id.* Without any indication Petitioner will consent or that the Mexican government will accept Petitioner without it, there is no significant likelihood of removal in the reasonably foreseeable future.

Because Respondents have not provided any indication of efforts to remove Petitioner from the United States beyond nominating him for a removal mission to Mexico, *see id.* at 2–3, this Court cannot deem removal reasonably foreseeable. Even a standard of good faith effort "would seem to require an alien seeking release to show the absence of any prospect of removal—no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents have failed to rebut

Petitioner's assertion that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making continued detention unlawful.

## CONCLUSION

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than September 14, 2026**, subject to the same conditions of supervision imposed prior to his re-detention on May 14, 2026.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than September 16, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than September 23, 2026.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to *pro se* Petitioner at the address on file.

**SIGNED** this **11th** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**